**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMES SOLTMAN, | : | |
| JENNIFER SOLTMAN, | : | |
| | : | **OPINION** |
| Plaintiffs, | : | |
| | : | Civ. No. 11-01867 |
| v. | : | |
| | : | |
| CAPITAL ONE (N.A), | : | |
| | : | |
| Defendant. | : | |
| | : | |

**Walls, Senior District Judge**

 Plaintiffs James and Jennifer Soltman move for default judgment against defendant Capital One Bank ("Capital One"). Pursuant to Federal Rule of Civil Procedure 78, the motion is decided without oral argument. The Soltmans' motion for default judgment is denied.

### FACTUAL AND PROCEDURAL BACKGROUND

 James and Jennifer Soltman owed Capital One outstanding, unspecified debts. ECF #10, 09/21/2012 Letter From Plaintiff's Counsel. Around April 16, 2010, an agent of Capital One Bank allegedly began contacting the Soltmans' regarding these debts. Compl. ¶5. At that time the Soltmans informed the agent that they were represented by counsel and provided the name and address of their attorney. *Id*. ¶6.  Capital One's agent continued to directly contact the Soltmans over the course of three months. *Id.* ¶7. The complaint alleges that these "systematic" calls were "harassing and abusive." *Id*. ¶¶5,6.

 On April 1, 2011, the Soltmans filed the present action claiming that Capital One violated several provisions of the Fair Debt Collections Practices Act (FDCPA). *Id*.¶1. They argue Capital One violated 15 U.S.C. §1692f(1) by using unfair and unconscionable methods, and that Capital One's systematic and harassing phone calls violated 15 U.S.C. § 1692d because the purpose of the calls was to harass, oppress, or abuse them in connection with collection of the

**NOT FOR PUBLICATION**

debt. Compl. ¶¶ 9-11; 18-20. The Soltmans further contend that Capital One violated 15 U.S.C. § 1692c(a)(2) by contacting them and speaking with them even though they knew that they were represented by counsel. *Id*. ¶¶ 12-17.

Following the filing of the complaint, no action was taken by either party for several months. On November 10, 2011, the Clerk entered a notice of call for dismissal pursuant to Local Civil Rule 41.1. The Soltmans answered and the order was withdrawn. Throughout the proceedings Capital One failed to plead or otherwise appear. On April 30, 2012, the Clerk made an entry of default against Capital One for its failure to appear. On July 11, 2012 the Soltmans entered a motion for default judgment under Federal Rule of Civil Procedure 55(b). They seek the maximum statutory damages of $1,000 as well as costs and attorney fees. Mot. For Default 1-2.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The power to grant default judgment "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted). Because the entry of default prevents a plaintiff's claims from being decided on the merits, "this court does not favor entry of defaults or default judgments." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984). Accordingly, the Third Circuit has clarified that, while "the entry of a default judgment is left primarily to the discretion of the district court," this "discretion is not without limits," and cases should be "disposed of on the merits whenever practicable." Hritz at 1181 (citations omitted). See also $55,518.05 in U.S. Currency, 728 F.2d at 194-95.

The Third Circuit considers three factors in determining "whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005). The court must, however, make "an independent inquiry into

2

**NOT FOR PUBLICATION**

'whether the unchallenged facts constitute a legitimate cause of action'" and "must make an independent determination" regarding questions of law. <u>Days Inn Worldwide, Inc. v. Mayu & Roshan, L.L.C.</u>, No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007).   Similarly, a court does not accept as true allegations pertaining to the amount of damages, and may employ various methods to ascertain the amount of damages due.  While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing "as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment." <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d 105, 111 (2d Cir. 1997).


**DISCUSSION**

*Jurisdiction*

Before entering a default judgment as to the party "that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." <u>Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, LLC.</u>, No. 08-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008).


*Subject Matter Jurisdiction*

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treatises of the United States." 28 U.S.C. § 1331.  The FDCPA is a federal law.  The FDCPA specifies that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. §1692k(d). On April 1, 2011, plaintiffs filed the complaint within the timeframe prescribed by the statute, not quite one year after the alleged violation on April 16, 2010. Mot. for Default 1-2. This Court has subject matter jurisdiction.


*Personal Jurisdiction*

In <u>Provident National Bank v. California Federal Savings and Loan Association</u>, the Third Circuit answered the "not uncommon question of how much contact a modern lending institution must have within the forum state to confer *in personam* jurisdiction." <u>819 F.2d 434,</u>

3

**NOT FOR PUBLICATION**

435 (3d Cir. 1987). There, the court found that a lending institution with a singular, zero-balance account and the possibility of ownership of land in Pennsylvania through the purchase of mortgages in secondary markets was sufficient to establish the contacts needed to establish personal jurisdiction. Id. at 438. Here, Capital One Bank maintains multiple branches in over fifty New Jersey cities, numerous accounts, and various land holdings in the state. These contacts are sufficient to confer personal jurisdiction in this case.


*Default*

       Congress enacted the FDCPA to "eliminate abusive debt collection practices" of "debt collectors." 15 U.S.C. § 1692(a) & (e); see also Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000) (The Act "eliminate[s] abusive debt collection . . . . [and] guarantees that consumers would receive adequate notice of their rights."). The FDCPA provisions relied upon by the Soltmans apply exclusively to "debt collectors." See 15 U.S.C. §§1692c(a)(2), 1692d, 1692 f(1).

       A "debt collector" is a person who "uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due *another*." (emphasis added).  15 U.S.C. § 1692a(6).  And the term "debt collectors . . . does not include . . . any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. §1692a(6)(A); see also Pollice v. National Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000) (noting that "creditors . . . generally are not subject to the FDCPA"). This is "because creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill, [thus] their debt collection activities are not subject to the Act unless they collect under a name other than their own." Id. (quoting Aubert v. American Gen. Fin., Inc., 137 F.3d 976, 978 (7th Cir. 1998)).

       15 U.S.C. §1692a(4) defines "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed."  15 U.s.c. §1692a(6)(4). The Complaint alleges that at all times plaintiffs were contacted "in connection with their efforts to collect a debt owed." Compl. ¶1. Upon request of this Court, plaintiff's clarified that the debt in dispute was at all times owed to defendants Capital One. ECF #10, 09/21/2012 Letter From Plaintiff's Counsel. Because the debts in question were at all relevant times owed directly to defendant's Capital

**NOT FOR PUBLICATION**

One, Capital One is a creditor, not a debt collector under the FDCPA. Consequently, Capital One is not subject to the provisions of the FDCPA.

## CONCLUSION

Plaintiffs' motion for default judgment is denied.

<u>**s/ William H. Walls**</u>
United States Senior District Judge